IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AXEL RAUL ZAMARRON,

    Plaintiff,

v.                                                                      No. 21-cv-919-RB-GJF

HERMANN MADRID, *et al*,

    Defendants.

### ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR SETTLEMENT

    THIS MATTER is before the Court on Plaintiff's Motion For/To Request Legal Aid, filed August 1, 2022, in which Plaintiff requests that the Court appoint counsel to represent him in this matter. (Doc. 18) (the "Motion to Appoint Counsel"). Also before the Court is Plaintiff's Motion For/To Settlement of Case, in which Plaintiff seeks a judgment in his favor because Defendants have not responded to the claims against them. (Doc. 21) (the "Motion for Settlement"). For the reasons that follow, the motions are not well taken and will be denied.

    <u>The Motion to Appoint Counsel.</u>

    "Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

    In determining whether to request that an attorney take the case, the Court considers factors

like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's Amended Complaint, which is pending review pursuant to 28 U.S.C. § 1915A, does not appear particularly complex and reveals that Plaintiff is sufficiently capable of representing his interests in this matter. Beyond citing his lack of legal experience and his inability to acquire discovery—the latter of which is premature at this stage of the proceedings—Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion.

The Motion for Settlement.

Plaintiff's Motion for Settlement is not well founded. As Plaintiff is a prisoner proceeding *pro se*, the case will not proceed until the Court screens the complaint to determine whether it survives initial review and states a cognizable federal claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915A (The Court must dismiss any pro se prisoner civil rights complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (The Court may dismiss a complaint *sua sponte* under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."). Plaintiff's Amended Complaint, filed August 22, 2022, is pending screening. If it survives initial review and states a cognizable claim, Defendants will be required to answer the Complaint. Unless and until that occurs, Defendants are not required to answer or respond to Plaintiff's claims. There is no legal basis for the Court to issue a judgment in Plaintiff's favor/against Defendants at this stage of the proceedings. The Motion for Settlement shall be denied as premature and procedurally improper.

**IT IS THEREFORE ORDERED** that the Motion to Appoint Counsel (Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Settlement (Doc. 21) is **DENIED**.

_____
GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE