UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AXEL RAUL ZAMARRON,

    Plaintiff,

v.                                                                    No. 21-cv-919-RB-GJF

HERMANN MADRID, CENTRAL NEW
MEXICO CORRECTIONAL FACILITY,
SIMON RAMIREZ, MARY GALLEGOS,
ROBIN BOURNE, OSCAR CHACON,
GEORGE GARCIA, CHRIS ROMERO, JR.,
DAVID VERRETT,

    Defendants.

**ORDER DENYING MOTIONS FOR SCHEDULING ORDER**

THIS MATTER is before the Court pursuant to Plaintiff's Motions for Scheduling Order, filed on February 9, 2024, and again on June 7, 2024. ECF 40, 53. Plaintiff is incarcerated and is proceeding *pro se*. ECF 20. Plaintiff alleges that New Mexico Corrections Department (NMCD) officials working at Central New Mexico Correctional Facility (CNMCF) violated his rights under the United States Constitution's Eighth Amendment along with 18 U.S.C § 242, which makes it a crime to deprive an individual of his or her constitutional rights under color of law. ECF 20. Specifically, Plaintiff alleges that, while being held at CNMCF he was "assaulted by a state prisoner," and that while attempting to defend himself, he was maced and punched in the head by corrections officers. ECF 20 at 12. Plaintiff further alleges that, after being maced, he was unable to "see, speak, breath[e], or listen for several minutes," which resulted in Plaintiff "getting sprayed again before being put into handcuffs." ECF 20 at 13. Plaintiff further alleges that he was sent to the medical unit, deprived of water, forced to open his eyes in a manner made painful by the mace, and not allowed to shower for seven days. ECF 20. Plaintiff's Amended Complaint seeks the

following relief: (1) that CNMCF renew its policies; (2) that the officers involved be required to take a training course on inmate takedowns and restraints; (3) that inmates receive adequate legal protections; and (4) $1,000,000 in damages. ECF 20. At its core, the Amended Complaint alleges that Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. *See* ECF 20.

In the instant motions, Plaintiff asks the Court to enter a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). ECF 40, 53. The District of New Mexico Local Rules, however, specifically exempt suits filed by prisoners from typical pre-trial case management procedures. *See* D.N.M.LR-Civ. 16.3(d). Because Plaintiff initiated this case as a *pro se* prisoner, *see* ECF 1, 20, this case is exempt from typical pre-trial case management procedures and this Court will not hold a Scheduling Conference or issue a Scheduling Order pursuant to Rule 16.

Plaintiff is cautioned that this Court will summarily deny any subsequent motions filed by Plaintiff requesting a Scheduling Order. In lieu of discovery, the Court will rely on a *Martinez* report to develop the necessary factual and legal basis for determining whether meritorious claims exist. *See Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). To that end, the Court notes that Defendants filed a Partial Motion to Dismiss for Failure to State a Claim on July 26, 2024. ECF 57. The Court's resolution of that Motion will determine the scope of the forthcoming Order for *Martinez* report.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Scheduling Order [ECF 40, 53] are **DENIED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE