UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AXEL RAUL ZAMARRON,

    Plaintiff,

v.  Civ. No. 21-919 RB/GJF

HERMANN MADRID, CENTRAL NEW
MEXICO CORRECTIONAL FACILITY,
SIMON RAMIREZ, MARY GALLEGOS,
ROBIN BOURNE, OSCAR CHACON,
GEORGE GARCIA, CHRIS ROMERO, JR., and
DAVID VERRETT,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss (the "Motion"), filed on July 26, 2024. ECF 57. Plaintiff did not file a response, and Defendants notified the Court briefing was complete on September 4, 2024. ECF 63. Pursuant to local rules, Defendants were relieved of their obligation to determine whether Plaintiff opposed Defendants' Motion. D.N.M. LR-Civ. 7.1(a).[2]

For the reasons that follow, the Court **HEREBY RECOMMENDS** that Defendant's Partial Motion to Dismiss [ECF 57] be **GRANTED**. This Court **FURTHER RECOMMENDS** that Zamarron's 18 U.S.C. § 242 claims be **DISMISSED WITH PREJUDICE**. This Court

---

[1] The undersigned files this Proposed Findings and Recommended Disposition pursuant to the presiding judge's Order of Reference, which was entered December 12, 2023. ECF 37.

[2] "Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR–Civ. 7.1(b). The Court cannot, however, grant a motion to dismiss based solely on plaintiff's failure to respond and must consider the merits of the motion. *See Issa v. Comp USA,* 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

1

**FURTHER RECOMMENDS** that Zamarron's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** as to Defendant Central New Mexico Correctional Facility and **WITHOUT PREJUDICE** as to Defendants Romero, Ramirez, Chacon, Verrett, Garcia, Bourne, and Gallegos.

## I. BACKGROUND[3]

At all relevant times, Axel Raul Zamarron ("Plaintiff" or "Zamarron") was an inmate at Central New Mexico Correctional Facility ("CNMCF"), part of the New Mexico Corrections Department ("NMCD").[4] ECF 20 at 12. On December 30, 2020, Zamarron and another inmate engaged in a fistfight. ECF 1 at 8. Corrections officers used physical force and chemical spray to end the fight. *Id.* Zamarron alleges that the officers used an excessive amount of spray, causing him to go into shock. ECF 20 at 13. Zamarron further claims that officers subsequently denied him a mattress, blankets, sheets, towels, clean clothes, and access to a shower for several days following the fight. *Id.* at 14. Additionally, Zamarron accuses Defendant Hermann Madrid ("Madrid") of hitting him in the head with a closed fist "some time before the altercation." *Id.* at 10.

Zamarron named the following defendants in his Amended Complaint: CNMCF, Madrid, Chris Romero Jr., Simon Ramirez, Oscar Chacon, David Verrett, George Garcia, Robin Bourne, and Mary Gallegos (collectively "Defendants"). *Id.* at 1–4. According to the Complaint, CNMCF employed all individual defendants. *Id.* Zamarron seeks relief under the Eighth Amendment of the United States Constitution, alleging that Defendants violated his right "[t]o be free from assault by prison guard(s) and/or inmate," and under 18 U.S.C. § 242, alleging that Defendants deprived him of his rights under color of law. ECF 20 at 10.[5]

---

[3] The facts that follow come from Plaintiff's Complaint and Amended Complaint. ECF 1 at 8; ECF 20 at 10–16.

[4] New Mexico Corrections Department, *Central New Mexico Correctional Facility*, https://www.cd.nm.gov/divisions/adult-prisons/nmcd-prison-facilities/central-new-mexico-correctional-facility/.

[5] While it is absent from the Amended Complaint's "Supporting Facts" [ECF 20 at 10–16] and Defendants' briefing [ECF 57], Zamarron seeks relief pursuant to Defendants' alleged violation of NMCD policies [ECF 20 at 5].

Based on this Court's reading of the Amended Complaint, Zamarron alleges that Defendants violated the Eighth Amendment and § 242 by, *inter alia*¸ (1) failing to follow proper COVID-19 protocols; (2) failing to prevent a foreseeable assault; (3) using excessive force in response to the December 30, 2020 altercation; (4) humiliating Zamarron following the altercation; and (5) failing to properly treat Zamarron's injuries following the altercation. As explained below, the Court recommends that Defendants' Motion be **GRANTED**.

## II. APPLICABLE LAW

### a. Pro Se Pleadings

A pro se litigant's pleadings are construed liberally and subjected to a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court is to "make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. The court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

### b. Failure to State a Claim

A Rule 12(b)(6) motion prompts a court to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citation omitted). When ruling on such a motion, a court accepts "all well-pleaded factual allegations in the complaint" and construes them "in the light most favorable" to the plaintiff. *Doe v. Sch. Dist. No. 1, Denver, Colo.*, 970 F.3d 1300, 1305 (10th

Cir. 2020) (citation omitted). A court need not accept, however, "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the plaintiff must allege facts that make a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While plausibility is not the same as probability, it is more than "sheer possibility." *Id.* (citation omitted).

Courts should be hesitant to dismiss a claim with prejudice under Rule 12(b)(6) and should instead err on the side of allowing a plaintiff to amend. *Seale v. Peacock*, 32 F.4th 1011, 1029 (10th Cir. 2022). But a court should dismiss a claim with prejudice when it finds that it would be futile to allow the plaintiff to amend that claim. *Id.* at 1027.

## III.   ANALYSIS

After considering the pleadings and governing law, this Court recommends that Defendants' Motion be **GRANTED** to the extent that it seeks: (a) dismissal with prejudice of Zamarron's 18 U.S.C. § 242 claims because the statute does not provide a private right of action; (b) dismissal without prejudice of Zamarron's claims against certain named defendants because those defendants have not been placed on fair notice of the claims being brought against them; and (c) dismissal with prejudice of Zamarron's claims against CNMCF because CNMCF is not a suable entity.

### a.  Zamarron's Claim II[6] should be dismissed with prejudice because 18 U.S.C. § 242 does not provide a private right of action.

Title 18, United States Code, Section 242 criminalizes depriving another of his or her federal rights under color of law. In almost all circumstances, the government – not private citizens – prosecutes criminal statutes. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Kennedy v.*

---

[6] Defendants incorrectly refer to this claim as Claim I. *See* ECF 57 at 3. Zamarron pled his § 242 claim as Claim II. ECF 20 at 6.

4


*Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974) (stating that only a federal grand jury or a United States Attorney can initiate actions pursuant to § 242). Private citizens can obtain civil relief from violators of criminal statutes only when the statute provides a private right of action. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1170–71 (10th Cir. 2023). Section 242 does not provide a private right of action. *See* 18 U.S.C. § 242; *Houck v. Heaton*, 515 F. App'x 725, 725–26 (10th Cir. 2013); *Deluna v. Levy*, 20-cv-1012 KG/JHR, 2020 WL 6701531, at *1 (D.N.M. Nov. 13, 2020) (citing *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987)). Additionally, 42 U.S.C. § 1983 impliedly forecloses civil relief pursuant to § 242 by providing a private right of action for similar misconduct. *See Burke v. Miller*, 580 F.2d 108, 110 (4th Cir. 1978) (citing *O'Shea v. Littleton*, 414 U.S. 488, 503 (1974)).

Here, Zamarron cannot seek civil relief pursuant to § 242 because that statute does not provide a private right of action, rendering any amendment futile. To seek civil relief for alleged deprivations of his rights under color of law, Zamarron must do so pursuant to 42 U.S.C. § 1983. Zamarron's Amended Complaint does not differentiate the facts underlying his § 242 claim from the facts underlying his Eighth Amendment claim [*see* ECF 20 at 5–6, 10–16], and Zamarron's Eighth Amendment claim is analyzed below pursuant to § 1983. Accordingly, this Court recommends dismissal of Zamarron's Claim II with prejudice.

### b. Zamarron's claims against Defendants Romero, Ramirez, Chacon, Verrett, Garcia, Bourne, and Gallegos should be dismissed without prejudice because these defendants have not been placed on fair notice of the claims against them.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege conduct attributable to each individual defendant such that each defendant receives fair notice of the claims against him or her. *See Ashcroft*, 556 U.S. at 676; *Twombly*, 550 U.S. at 555. Section 1983 complaints require relatively specific allegations because courts must be able to distinguish individual conduct from

collective state conduct. *See id.*; *Walker v. Mohiuddin*, 947 F.3d 1244, 1250–51 (10th Cir. 2020); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

For example, in *Robbins*, the plaintiffs listed several individual defendants in their complaint and alleged that "Defendants" "instruct[ed] the Plaintiffs to place Renee Dawn Robbins in a specific Daycare"; "assert[ed] control over such Daycare"; and "failed to 'protect and supervise the child.'" *Robbins*, 519 F.3d at 1250 (internal quotations omitted). The Tenth Circuit noted that the complaint alleged a variety of misconduct. *Id.* The court reasoned that the collective term "Defendants" did not indicate which defendant(s) were accused of which misconduct. *Id.* Therefore, the court concluded that the plaintiffs failed to provide each defendant with fair notice of the claims against him or her. *See id.* Accordingly, the Tenth Circuit instructed the lower court to dismiss the complaint without prejudice for failure to state a claim. *Id.* at 1253–54.

Here, Zamarron provided Defendant Madrid with fair notice of the claim brought against him. Zamarron stated that "Corrections Officer Hermann Madrid hit [Zamarron] with a closed fist to [his] head 2 or 3 times." *Id.* at 10. Notably, Defendants' Motion does not seek dismissal of Zamarron's claim against Madrid. ECF 57 at 4.

Like the plaintiffs in *Robbins*, however, Zamarron failed to provide the other individual defendants with fair notice of the claims brought against them. *See id.* at 1250. Zamarron alleged, *inter alia*, that "correctional officer(s)" told Zamarron that they knew other inmates would assault him; "overly maced" Zamarron; "repeatedly punched [Zamarron] in the head"; "dragg[ed] [Zamarron] on the floor"; threatened to use Zamarron as a "human mop"; "forced [Zamarron] to open [his] eyes so the nurse could capture photos"; and "insult[ed] [Zamarron] verbally." ECF 20 at 12–13.[7] These alleged acts took place before, during, and days after the altercation, and in

---

[7] This Court does not determine whether any of these allegations amount to a violation of the Eighth Amendment because Defendants did not raise this argument in their brief. ECF 57.

different locations throughout CNMCF. *See id.* Zamarron's use of the collective and non-specific phrase "corrections officers" does not indicate which defendant(s) engaged in which misconduct. *Id.* Accordingly, Zamarron fails to state a claim against these individual defendants.

This Court recommends dismissal of Zamarron's claims against Defendants Romero, Ramirez, Chacon, Verrett, Garcia, Bourne, and Gallegos without prejudice. To the extent that he can do so, Zamarron should be permitted to amend his Complaint to include allegations identifying the specific conduct by each defendant, as he did with respect to Defendant Madrid.

### c. Zamarron's claims against CNMCF should be dismissed with prejudice because CNMCF is not a proper defendant.

Defendants' Motion requires this Court to analyze whether Zamarron can sue CNMCF or NMCD. An inmate cannot sue a detention facility pursuant to § 1983. *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017) (citing *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001)); *see also Green v. Vital Care*, No. 21-cv-278, 2021 WL 1921068, at *3 (W.D. Mich. May 13, 2021) ("[t]he correctional facility is a building, not an entity capable of being sued in its own right.").

Here, CNMCF is a detention facility and, therefore, not a suable entity under § 1983. *See Gallegos*, 272 F. Supp. 3d at 1264–65. After construing Zamarron's Amended Complaint liberally but without assuming the role of his advocate, this Court concludes that Zamarron intended to sue NMCD – the statewide office responsible for CNMCF. NMCD is the proper institutional defendant when a plaintiff alleges constitutional violations by CNMCF. *See Klumb v. N.M. Corr. Dep't*, No. 23-cv-828 MV/LF, 2024 WL 2880530, at *1 (N.M.D. June 7, 2024). Zamarron's naming of CNMCF instead of NMCD (or an NMCD official) amounts to his failure to follow a legal technicality. *Id.*; *Garret*, 425 F.3d at 840. Therefore, this Court considers NMCD as the true institutional defendant in interest.

Nonetheless, Zamarron fails to state a claim under § 1983 even when considering NMCD as the true institutional defendant in interest. Section 1983 only allows suits against "persons." 42 U.S.C. § 1983; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Statewide offices are not persons pursuant to § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Thus, NMCD – a statewide office – cannot be sued pursuant to § 1983. *See Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) (unpublished) (citing *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68–69 (1997)). Additionally, NMCD enjoys Eleventh Amendment immunity. *Id.* (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996)). *But see Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("the Eleventh Amendment bars § 1983 civil actions against the states but permits such suits brought against state officials sued in their individual capacities"). Accordingly, Zamarron fails to state a claim against NMCD, even under the liberal pleading standards for pro se litigants.

## IV. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Defendants' Partial Motion to Dismiss **[ECF 10] be GRANTED** as follows:

(1) To the extent Defendants seek dismissal of Zamarron's 18 U.S.C. § 242 claim in Claim II, Claim II should be **DISMISSED WITH PREJUDICE**.

(2) To the extent Defendants seek dismissal of all claims against Defendants Romero, Ramirez, Chacon, Verrett, Garcia, Bourne, and Gallegos, such claims should be **DISMISSED WITHOUT PREJUDICE** with leave to amend.

(3) To the extent Defendants seek dismissal of all claims against CNMCF, such claims should be **DISMISSED WITH PREJUDICE**.

The Court **FURTHER RECOMMENDS** that Zamarron be granted thirty days from entry

of an order disposing of any objections to this PFRD to amend his Complaint.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE