UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AXEL RAUL ZAMARRON,

      Plaintiff,

v.                                                                                                              No. 1:21-cv-919-RB-GJF

HERMAN MADRID, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

This case concerns a physical altercation at the Central New Mexico Correctional Facility (CNMCF) in which Plaintiff Axel R. Zamarron (Plaintiff or Zamarron) allegedly suffered injuries after other inmates attacked him. The complaint before the Court is Plaintiff's third attempt to allege a plausible Eighth Amendment failure to protect claim against Defendant Herman Madrid. On review of the second amended complaint, the Court concluded that Plaintiff stated a failure to protect claim against Defendant Oscar Chacon, and gave Plaintiff one more chance to state a plausible claim against Defendant Madrid. Order 3, Dkt. No. 84. Following that Order, on July 23, 2025, Plaintiff filed a *Motion to Amend Complaint* (Dkt. No. 85). Rather than file a response to the motion to amend, Defendants Madrid and Chacon (collectively, Defendants) filed a *Motion to Dismiss Plaintiff's Third Amended Complaint* (Dkt. No. 86) on August 4, 2025. A month later, Defendants filed a Notice of Completion of Briefing on the motion to dismiss. Dkt. No. 87. On November 10, 2025, Plaintiff, who is an inmate and proceeding pro se, filed a *Motion to Object Defendants Motion to Dismiss* (Dkt. No. 88), which the Court construes as a response to the motion to dismiss. In his response, Plaintiff explained that his belated response was due to his being in a

---

[1] The undersigned files this Proposed Findings and Recommended Disposition (PFRD) pursuant to the presiding judge's Order of Reference, which was entered December 12, 2023. Order, Dkt. No. 37.

restrictive housing unit for the previous four months. *Id.* at 2. Defendants filed a reply (Dkt. No. 89), followed by another Notice of Completion of Briefing (Dkt. No. 90). Given the reasons Plaintiff offered for his belated response, the Court will consider the response. For the reasons that follow, the Court RECOMMENDS that Plaintiff's motion to amend be GRANTED and that Defendants' motion to dismiss be DENIED.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his first complaint on September 20, 2021. Compl., Dkt. No. 1. Defendants filed a *Partial Motion to Dismiss* on July 26, 2024. Defs.' Mot., Dkt. No. 57. The Court granted that motion in part. Order, Dkt. No. 68. It dismissed without prejudice and with leave to amend all claims against the individual Defendants. *See id.* Complying with the Court's instructions, Plaintiff filed an amended complaint (Dkt. No. 69-1), prompting the Court to renew its Order to Answer (Dkt. No. 71).

Defendants Herman Madrid, Simon Ramirez, Mary Gallegos, Robin Bourne, Oscar Chacon, George Garcia, Chris Romero, Jr., and David Verrett filed another motion to dismiss (Dkt. No. 75). The undersigned filed a PFRD recommending that motion be denied as to Plaintiff's claims against Defendant Chacon for failing to protect Plaintiff from violence at the hand of other inmates but granted as to Plaintiff's similar claim against Defendant Madrid. *See* PFRD 38-39, Dkt. No. 78. The Court recommended the failure to protect claim against Defendant Madrid be dismissed without prejudice, with leave to amend, and that all other claims in the complaint be dismissed with prejudice. *Id.*

The Honorable Robert C. Brack entered an Order adopting the PFRD. Order 2, Dkt. No. 84. Judge Brack permitted Plaintiff to file a motion to amend together with a proposed third amended complaint, asserting only "claims against Defendants Chacon and Madrid for violations

2

of his Eighth Amendment right to reasonable protection from violence as outlined in the PFRD." *Id.* Judge Brack also warned that Plaintiff should carefully draft his third amended complaint because this would be the last amendment the Court would allow. *Id.*

The following reasoning in the PFRD is highly relevant to the disposition of the motions at issue here:

> [T]he Complaint plausibly alleges the objective element because it asserts Zamarron "was assaulted [and] attacked by a[n] [] inmate[.]" Additionally, the Complaint plausibly alleges the subjective knowledge of Defendant Chacon, but not Defendant Madrid. Defendants Chacon and Madrid allegedly knew of facts sufficient to infer that Zamarron would be subject to a beating by another inmate. According to the Complaint, Defendants Chacon and Madrid overheard threats and coordination of a "group assault" against Zamarron.
> 
> The Complaint, however, only alleges that Defendant Chacon drew the inference that Zamarron faced a group assault. Defendant Chacon … made a verbal statement indicating his awareness that a beating would likely occur. After overhearing the threats and coordination of the group assault, Defendant Chacon allegedly "advised the unit . . . that he was '[t]rigger happy' [and] also claimed to 'have his money on the little guy' in the future altercation." Conversely, the Complaint contains no direct evidence that Defendant Madrid inferred that Zamarron would be subject to a beating by another inmate.
> 
> The Complaint does not allege facts sufficient to show Defendant Madrid's inference of risk; instead, it alleges only Defendant Madrid's awareness that some inmates threated to beat Zamarron. … NMCD inmates – in an NMCD facility – are not a discrete group that posed an obvious risk of violence towards Zamarron. The Complaint implies repeatedly that Zamarron, a "county jail hold inmate," faced an obvious risk from the "[NMCD] inmates" with whom Defendants housed him, but it does not explain how NMCD inmates pose a risk to the safety of county jail hold inmates. Nor does the Complaint allege any connection between the NMCD inmates who threatened Zamarron and the ones who beat him. Further, … the Complaint does not allege that Zamarron has several obvious characteristics that make him a likely target of prison violence. The Complaint implies that Zamarron is of short stature, but this, without more, is insufficient to conclude that the risk to Zamarron was obvious to Defendant Madrid. The Complaint fails to plausibly allege that Defendant Madrid inferred that Zamarron faced a beating by other inmates; therefore, the Complaint fails the subjective element as to him.
> 
> Accordingly, the Court recommends denying the Motion to the extent that it seeks dismissal of the failure to protect claim against Defendant Chacon. Additionally, the Court recommends granting the Motion and dismissing without prejudice the failure to protect claims against Defendant Madrid with leave to

>amend because it may not have occurred to Zamarron to plead facts showing that Defendant Madrid inferred that Zamarron would be subject to a beating.

PFRD 13-15, Dkt. No. 78 (internal citations omitted).

Plaintiff timely filed his motion to amend complaint (Dkt. No. 85) and attached his proposed amended complaint (Dkt. No. 85-1). In his motion, Plaintiff asserts that Defendant Madrid knew of the group assault and overheard Defendant Chacon's verbal statements demonstrating his knowledge that the planned beating would likely occur. Pl.'s Mot. 1-2, Dkt. No. 85. According to Plaintiff, Defendant Madrid had full knowledge of the assault against a county hold inmate and inferred that Zamarron was the target of that assault because Zamarron was the only county hold inmate present at the time. *See id.*

Defendants moved to dismiss Plaintiff's third amended complaint because Plaintiff "failed to sufficiently allege the culpable state of mind required to state a claim under the Eighth Amendment" as to both Defendants Chacon and Madrid. Def.'s Mot. 2, Dkt. No. 86. They also argue the law was not clearly established at the time. *Id.* at 6-7. The motion to dismiss is fully briefed. *See* Pl.'s Resp., Dkt. No. 88; Def.'s Reply, Dkt. No. 89.

## II.     FACTUAL ALLEGATIONS IN THIRD AMENDED COMPLAINT

The following facts are those alleged in the third amended complaint. *See* Third Am. Compl, Dkt. No. 85-1. On December 23, 2020, Zamarron was being held at CNMCF as a "county jail hold inmate," because he had yet to be sentenced. *Id.* at 6. Defendants Chacon and Madrid were correctional officers employed at the CNMCF facility. *See id.* at 1-2. At the time, inmates were in quarantine for Covid-19 in a housing pod. *See id.* at 1, 5-6. Unnamed inmates who had already been sentenced to the New Mexico Corrections Department (NMCD) were orchestrating a group assault against Zamarron. *Id.* at 5.

Defendants Chacon and Madrid worked in the same unit and they knew of the planned group assault that was going to take place. *Id.* at 5-6. Defendant Chacon, upon overhearing the NMCD inmates planning the group assault against a county jail hold inmate, stated that he was "trigger happy" and had "his money on the little guy" once the fight took place. *Id.* at 6. Both Defendants knew of the group assault possibility if they chose to open the doors and let all the inmates out from the pod for breakfast. *Id.* Plaintiff was the only county jail hold inmate in the unit, as reflected by the yellow uniform he wore to designate the difference in custody, while all other NMCD inmates wore blue uniforms. *Id.* Both Defendants knew that Plaintiff would be the target of violence by the NMCD inmates, yet they chose to do nothing to prevent the altercation. *Id.* Instead, they opened the doors, and an inmate physically assaulted and beat Plaintiff. *See id.*

### III.   STANDARD OF REVIEW

Generally, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of Rule 15 "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* at 1204 (internal quotations omitted). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)). When reviewing a plaintiff's complaint under Rule 12(b)(6), the court must accept all well-pleaded allegations as true

and construe them in a light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court, however, will not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a formulaic recitation of the elements devoid of facts, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the plaintiff must allege facts stating a claim to relief that is plausible on its face. *Id.* Plausibility means more than a "sheer possibility." *Id.* A pro se litigant's pleadings are construed liberally using a less stringent standard than pleadings drafted by attorneys. *Hall*, 935 F.2d at 1110. While a court may make allowances for the pro se plaintiff's failure to cite proper legal authority, his misunderstanding of legal theories, or his unfamiliarity with pleading requirements, a court will not act as advocate for the pro se litigant. *Id.*

When a government defendant asserts qualified immunity in a motion to dismiss, the plaintiff must show (1) that the complaint plausibly alleges that the defendant violated plaintiff's constitutional right; and (2) that the law was clearly established at the time of the alleged violation. *Hemry v. Ross*, 62 F.4th 1248, 1253 (10th Cir. 2023). For a right to be clearly established, the law must have been sufficiently clear at the time such that every reasonable official would understand that what he is doing violates that right. *Id.*

### IV.     ANALYSIS

Plaintiff's third amended complaint asserts claims against Defendants for a violation of his Eighth Amendment right to be free from violence at the hands of other inmates under 42 U.S.C. § 1983. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Prison officials must take reasonable measures to guarantee the safety of inmates, including protecting prisoners from violence at the hands of other inmates. *Id.* at 832-33. Constitutional liability for jail officials

for a failure-to-prevent-harm claim only attaches when the inmate is incarcerated under conditions posing a substantial risk of serious harm and where the jail officials are deliberately indifferent to inmate health or safety. *Id.* at 834. A breach of this duty to protect consists of two elements: (1) plaintiff suffered an objectively substantial risk of serious harm; and (2) the defendant subjectively knew facts sufficient to infer that the plaintiff faced a substantial risk of serious harm, and the defendant drew such an inference. *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018).

As this Court discussed in its prior PFRD, a physical assault by a fellow inmate satisfies the objective element, and Defendants do not argue to the contrary here. Instead, Defendants challenge the second element necessary to state a claim. Defendants argue that Plaintiff's third amended complaint does not plausibly allege the requisite deliberate indifference. According to Defendants, other than the allegation that Defendant Chacon made statements and overheard a discussion of the assault, all the allegations are conclusory and do not meet the deliberate indifference standard.

Previously, the Court concluded that there were sufficient facts that Defendant Chacon drew the inference that Zamarron faced a group assault based on his verbal statement indicating his awareness that a beating would likely occur. PFRD 13-14, Dkt. No. 78. Those same allegations are contained in the third amended complaint. *See* Third Am. Comp. 5-6, Dkt. No. 85-1. For the same reasons set forth in the PFRD, and adopted by the Court's Order, the third amended complaint states a plausible Eighth Amendment failure to protect claim against Defendant Chacon and that claim is not futile.

As for the claim against Defendant Madrid, the Court determined the factual allegations were not enough to establish that he inferred the same risk that Zamarron faced a group assault. PFRD 13-14, Dkt. No. 78. The third amended complaint contains the following allegations

regarding Defendant Madrid's *mens rea*: (1) Officer Chacon overheard the planning of a group assault by NMCD inmates against a county jail hold inmate; (2) Officer Madrid worked in the same unit as Chacon and "had the same knowledge of the beating the Plaintiff faced by other inmates"; (3) Officer Chacon said that he was "trigger happy" and "having his money on the little guy" in the fight; (4) both officers knew that Zamarron was the target of the group assault because he was the only county hold inmate in the unit, which was obvious because he was the only inmate wearing a yellow uniform – the color for county hold inmates – while all the NMCD inmates wore blue uniforms; (5) both officers knew of the risk of the fight occurring if they let all the inmates out of the pod for breakfast, yet they did so and did nothing to prevent the altercation.

    At the motion to dismiss stage, all reasonable inferences must be made in Plaintiff's favor. From these facts, the Court finds it reasonable to infer that Officer Madrid had subjective knowledge a fight was going to imminently occur based on the statements made by Officer Chacon to the unit. The newest complaint adds factual detail as to why Defendant Madrid would have inferred the risk to Zamarron specifically – the planned group assault was against a county jail hold inmate and Zamarron was obviously the only county jail hold inmate based on his yellow uniform. The Court concludes that Plaintiff stated enough additional facts to plausibly allege the subjective element necessary to state an Eighth Amendment failure-to-protect claim. *Cf. Requena*, 893 F.3d at 1213-14 (concluding that inmate adequately pled Eighth Amendment claim against correctional officers who were allegedly aware of inmate's fear of retaliation by members of Native American callout, because inmate caused confiscation of drumsticks used by callout, but officers did nothing and he was later beaten by members of the callout).

    Defendant Madrid additionally argues that Plaintiff failed to allege that he violated clearly established law. The right to reasonable protection from violence at the hands of other inmates is

clearly established. *See*, *e.g.*, *Farmer*, 511 U.S. at 833; *Requena*, 893 F.3d at 1214 (establishing that subjective knowledge that fight is likely to occur, coupled with a failure to act affirmatively to prevent fight, violates inmate's right to reasonable protection from inmate violence). Therefore, *Requena* put Defendants Chacon and Madrid on notice that having subjective knowledge that inmates would start a fight with Zamarron and failing to act to prevent the fight violated Zamarron's right to reasonable protection from violence at the hands of other inmates. *See id.* Accordingly, qualified immunity does not shield Defendants from liability.

## V.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's *Motion to Amend Complaint* (**Dkt. No. 85**) be **GRANTED** and that Defendants' *Motion to Dismiss Plaintiff's Third Amended Complaint* (**Dkt. No. 86**) be **DENIED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**